UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WANACHEK MINK RANCH and SMITH
MINK RANCH CORPORATION, on behalf of
themselves and all others similarly situated,
                     Plaintiffs,

        v.

ALASKA BROKERAGE INTERNATIONAL,
INC., et al.,

              Defendants.

CASE NO. C06-089RSM

ORDER DENYING MOTIONS TO
DISMISS FOR FAILURE TO STATE A
CLAIM

       This matter is before the Court for a ruling on defendants' motions to dismiss for failure to state a claim (Dkt. ## 134, 140) together with other defendants' motions for judgment on the pleadings (Dkt. ## 144, 145). All defendants assert the same basis for dismissal, namely that the Amended and Consolidated Class Action Complaint (Dkt. # 57) fails to plead specific facts to support the claim of conspiracy, as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 ("*Twombly*"). For the reasons set forth below, the four motions shall be DENIED.

FACTUAL BACKGROUND

       The plaintiff mink ranchers filed this class action on behalf of all persons "who sold unprocessed animal furs . . . at auction in the United States directly to Defendants or their co-conspirators, predecessors, or controlled subsidiaries . . . " between June 1, 2000 and June 1, 2004. Amended Complaint, Dkt. # 57, ¶ 1. They allege that the defendants conspired to keep fur prices at an artificially low level, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, at American Legends Auctions during those years. American Legends Auctions is an annual fur auction held in Seattle, Washington.

Complaint, Dkt. # 57, ¶¶ 49, 51.  Two of the defendants named in the complaint, namely Alaska

Brokerage International, Inc., and David Karsch,  were indicted in this district and entered pleas of nolo

contendere and guilty, respectively, to the charge of conspiracy to restrain trade in violation the Sherman

Act.  Amended Complaint, ¶¶56-60.  *See, United States of America v. Alaska Brokerage International,*

*Inc., et al.*, CR06-0011JLR, Dkt. ## 1, 95, 100, 102.  This civil action is brought pursuant to Sections 4

and 16 of the Clayton Act, 15 U.S.C.§§ 15 and 26, to recover treble damages for injuries incurred by

plaintiffs from defendants' alleged conspiracy.  Amended Complaint, Dkt. # 57,  ¶ 3.

Plaintiffs describe the alleged conspiracy among defendants to fix prices as follows:

> Beginning at least by June 1, 2000 and continuing until at least June 1, 2004, Defendants and their
> co-conspirators entered into and engaged in a continuing combination and conspiracy to suppress
> competition by artificially lowering, fixing, rigging, maintaining, or stabilizing the auction bids and
> prices of Furs.  The combination and conspiracy engaged in by Defendants
> and their co-conspirators is an unreasonable restraint of trade and Interstate Commerce in
> violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

Amended Complaint, Dkt. # 57, ¶ 62.  They then describe the actions taken by defendants in furtherance

of their conspiracy, starting with concentrating at one of two named Seattle hotels to facilitate their

collusion, and meeting before and during the auction to agree among themselves on maximum prices to

pay.  *Id.*, ¶ 63.  Specific allegations shall be set forth in more detail below.  Defendants have moved to

dismiss the amended complaint on the grounds that it fails to meet pleading standards established for anti-

trust litigation.

## ANALYSIS

Federal Rule of Civil Procedure 8 sets forth the basic pleading requirement of "a short and plain

statement of the claim showing that the pleader is entitled to relief."  F.R.Civ.Proc. 8(a)(2).   The

Supreme Court recently clarified the pleading requirement with respect to anti-trust cases, stating  that

factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "[A] plaintiff's obligation to provide the

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Id.* (internal quotation marks, brackets, and citation

omitted). A Sherman Act § 1 claim "requires a complaint with enough factual matter (taken as true) to

suggest that an agreement was made." *Id.* at 556.

In *Twombly*, at least in anti-trust matters, the Supreme Court "retired" the familiar rule derived from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which provided "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*, at 561 (quoting *Conley*). The Court proclaimed that "this famous observation has earned its retirement" and "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. Thus, "[a]t least for the purposes of adequate pleading in anti-trust cases, the Court specifically abrogated the usual 'notice pleading' rule." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 n. 5 (9th Cir.2008).

Section 1 of the Sherman Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States." 15 U.S.C. § 1. However, it has long been recognized that Congress did not intend to give literal meaning to those words, but instead only intended to make unlawful unreasonable restraints on trade. *State Oil Co. v. Khan*, 522 U.S. 3, 10 (1997). Therefore, to establish a claim under § 1 of the Sherman Act, the plaintiff must show 1) that there was a contract, combination, or conspiracy among two or more entities  2) that unreasonably restrained trade and 3) that the restraint affected interstate commerce. *Columbia River People's Utility District v. Portland GE*, 217 F. 3d 1187, 1189-90 (9th Cir. 2000).

1) <u>The First Element—Existence of an Agreement</u>.

Under the first element of a § 1 claim, a plaintiff must plead the existence of a contract, combination, or conspiracy, meaning a defendant did not operate unilaterally, but instead, at least two entities acted in concert. *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 768 (1984). The crucial question "is whether the challenged anticompetitive conduct 'stem[s] from independent decision or from an agreement, tacit or express'" *Twombly*, 550 U.S. at 553, *quoting Theatre Enterprises, Inc., v. Paramount Film Distributing Corp.*, 346 U.S. 537, 540 (1954).

The allegations of the Amended Complaint set forth above are adequate to meet the first element of a § 1 Sherman Act claim. Specifically, plaintiffs allege that defendants "allocated certain lots among themselves, **agreed** not to bid on certain lots, **agreed** to a collusive bidding strategy, and **agreed** to distribute pelts acquired by one Defendant at auction to other Defendants. . . ." Amended Complaint, ¶ 63(d) (emphasis added). Further, "defendants **agreed** to bid and pay, and did bid and pay, artificially low

prices for the Furs sold by Plaintiffs and other members of the Class. . . ." *Id.*, ¶ 63(e) (emphasis added). Finally, plaintiffs allege that in February 2004, "Defendants threatened, facilitated, and perpetrated a **group boycott** of a planned new auction bidding system at American legend in Seattle, Washington, that, according to a press report, was aimed at thwarting broker/buyer bidding cartels." *Id.*, ¶ 63(h) (emphasis added). These paragraphs all state allegations that defendants' anti-competitive conduct resulted from tacit agreements among themselves, which is sufficient to meet the first requirement. *Twombly*, 550 U.S. at 553.

Defendants argue that plaintiffs have not met the *Twombly* pleading requirements because they do not specifically identify which defendants acted in concert. However, the allegation is that **all** defendants took the actions alleged above, so it is not necessary to name them individually. As the Supreme Court stated in *Twombly*,

> In applying these general standards to a § 1 claim we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.

*Id.* at 556. This holding is far from the "who, what, when, and where" requirement that defendants argue was established in *Twombly*. Certain Defendants' Motion to Dismiss, Dkt. # 140, p. 4, *citing Twombly*, 550 U.S. at 565 n.10. In the cited footnote, the Court found fault with a complaint which "mentioned no specific time, place, or person involved in the alleged conspiracies." Here, by contrast, plaintiffs have adequately stated the time and place (American Legends fur auctions in Seattle between 2000 and 2004) as well as the persons involved (all named defendants). This is "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Twombly*, 550 U.S. at 556.

2). The Second Element---the  Agreements Unreasonably Restrain Trade

Under the second element of a § 1 claim, a plaintiff must show the challenged agreement unreasonably restrains trade by establishing anti-competitive effects. To make this showing under the rule of reason analysis, a plaintiff generally must establish market power. *Adaptive Power Solutions, LLC v. Hughes Missile Sys. Co.*, 141 F.3d 947, 951 (9th Cir.1998). "Market power is the ability to raise prices above those that would be charged in a competitive market." *NCAA v. Bd. of Regents*, 468 U.S. 85, 109

n. 38 (1984).  Conversely, as alleged here, it is also the ability to **lower** prices below what sellers would receive in a competitive bidding process.

Plaintiffs have adequately established defendants' market power by alleging that the Defendants are among the small number of fur brokers and dealers who dominate the fur auctions, known in the industry as "big takers."  Amended Complaint, ¶ 52.  By agreeing to act in concert, they could have a significant anti-competitive effect on the auction process.  *Id*., ¶ 62.

### 3) The Third Element—Restrain of Interstate Commerce

Plaintiffs have adequately pled that defendants' activities affected interstate commerce at ¶¶ 34-35 of the Amended Complaint.  Defendants have not argued otherwise.

CONCLUSION

The allegations in the Amended Complaint are sufficient to meet the *Twombly* pleading requirements for anti-trust complaints.  Accordingly, defendants' motions to dismiss (Dkt. ## 134, 140) and defendants' motions for judgment on the pleadings (Dkt. ## 144, 145) are DENIED.


DATED: May 5, 2009.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE