UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WANECHEK MINK RANCH and SMITH MINK RANCH CORPORATION, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALASKA BROKERAGE INTERNATIONAL. INC., et al.,<br><br>Defendants. | CASE NO. C06-89RSM<br><br>ORDER ON MOTION FOR RECONSIDERATION |

Certain defendants have moved for reconsideration of the Court's May 5, 2009 Order denying their motions to dismiss. Dkt. # 166. Motions for reconsideration are disfavored and will be denied in the absence of "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier. . . ." Local Rule CR 7(h)(1). The Court deems it unnecessary to direct defendants to respond to the motion.

Defendants contend that the Court should reconsider its ruling based on "new controlling precedent" found in a Supreme Court opinion issued May 18, 2009. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). However, the Supreme Court in *Iqbal* simply applied the pleading requirements set forth in *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007) in the context of a prisoner civil rights ("*Bivens*")

ORDER ON MOTION FOR
RECONSIDERATION - 1

action; it did not announce any new precedent.  This Court applied *Twombley* in its analysis in deciding the motion to dismiss, and that analysis is not affected by the "new precedent."

Defendants attempt to use this new Supreme Court opinion to re-argue matters already decided. In so doing, they have selectively quoted from the Court's Order, focusing on the Court's repeated use of the word "agreed" rather than on the details of the substance of the agreements. *See*, Motion for Reconsideration, Dkt. # 166, p. 4 lines12 - 18.  The actual language used by the Court summarized the allegations of plaintiffs' Amended and Consolidated Class Action which it found sufficient to meet the *Twombley* pleading requirements.  These were that the defendants "allocated certain lots among themselves, **agreed** not to bid on certain lots, **agreed** to a collusive bidding strategy, and **agreed** to distribute pelts acquired by one Defendant at auction to other Defendants. . . . Further, defendants **agreed** to bid and pay, and did bid and pay, artificially low prices for the furs sold by Plaintiffs and other members of the Class."  Order, Dkt. # 164, p. 3 (emphasis in original). While the Court emphasized the word "agreed," it was not the simple allegation of "agreement," but the actual substance of the acts to which the defendants allegedly agreed, which  rendered the allegations sufficient under *Twombley*.  Defendants renewed argument that these are simply conclusory allegations is unpersuasive.

Defendants' motion for reconsideration is accordingly DENIED, for failure to meet the standard set forth in Local Rule CR 7(h)(1).

Dated this _6_ day of July, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR
RECONSIDERATION - 1