1

2

3

4

5

6

7    UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
     AT SEATTLE

8

9   WANECHEK MINK RANCH, and SMITH
    MINK RANCH CORPORATION, on behalf of
10  themselves and all others similarly situated,          No. C06-0089 RSM

11                              Plaintiffs,      ORDER GRANTING PRELIMINARY
                                                APPROVAL OF PROPOSED
12          v.                                   SETTLEMENT BETWEEN THE
                                                SELLER PLAINTIFFS AND
13  ALASKA BROKERAGE INTERNATIONAL,             DEFENDANTS DELTA TRADING
    *et al.*,                                    CORPORATION; DEAN BRENNER;
14                                              KLONDIKE INTERNATIONAL FURS,
                               Defendants.       LIMITED; LEONARD TAX; IRVING
15                                              TAX; ALLEN TAX; RICHARD TAX;
                                                MECHUTAN FUR CORPORATION;
16                                              DAVID MECHUTAN; STEVEN
                                                MECHUTAN; JAY MECHUTAN;
17                                              ALVIN GLICKMAN, INC.; ALVIN
                                                GLICKMAN; HURWITZ EXPORTS,
18                                              LTD.; STEVEN HURWITZ; POLAR
                                                FURS, LTD. AND AUTHORIZING THE
19                                              DISSEMINATION OF NOTICE

20

21          Upon consideration of the Motion for Preliminary Approval of Proposed Settlement

22  Between the Direct Seller Plaintiffs and; Delta Trading Corporation; Dean Brenner; Klondike

23  International Furs, Limited; Leonard Tax; Irving Tax; Allen Tax; Richard Tax; Mechutan Fur

24  Corporation; David Mechutan; Steven Mechutan; Jay Mechutan; Alvin Glickman, Inc.; Alvin

25  Glickman; Hurwitz Exports, Ltd.; Steven Hurwitz; Polar Furs, Ltd.; (the "Defendants"); and for

26  Authorization to Disseminate Notice ("Motion"), it is hereby **ORDERED** as follows:

ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED
SETTLEMENT BETWEEN THE SELLER PLAINTIFFS AND
DEFENDANTS  - 1
Case No. C06-0089 RSM



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1.      The Motion is hereby **GRANTED**.

2.      The Court finds that the proposed settlement with Alaska Brokerage International, Inc., *et al*., as set forth in the Settlement Agreement ("Settlement Agreement"), and subject to final determination following a hearing after notice to the proposed Settlement Class, is sufficiently fair, reasonable and adequate to authorize dissemination of notice to the Settlement Class.

3.      Notice shall be provided to the following proposed Settlement Class (the "Settlement Class"):

> All sellers of Furs who sold Furs at the American Legend Auction in Seattle, Washington, and whose Furs were purchased by any of the Defendants or their subsidiaries or affiliates (including all predecessors thereof) at any time during the period from June 1, 2000 to June 1, 2004.  Excluded from the Settlement Class are governmental entities and the Defendants, or their subsidiaries or affiliates (including all predecessors thereof).

4.      The Court appoints the firms of Kohn, Swift & Graf, P.C., Preti Flaherty, and Hagens Berman as Class Counsel for the proposed Settlement Class.  Plaintiffs Wanechek Mink Ranch, and Smith Mink Ranch Corporation, are appointed as the class representatives for the proposed Settlement Class.

5.      The Court approves the form of the Notice and Summary Notice (the "Notices"), attached to the Settlement Agreement as Exhibits "B" and "C" respectively, upon the condition that the content of the Notice and Summary Notice, including all dates, times, and addresses, conform to the requirements of this Order.  The Court further finds that the mailing and publication of the Notices in the manner set forth in ¶¶ 7 and 8 below constitutes the best notice practicable under the circumstances as well as valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

6.      Defendants are hereby directed to provide Class Counsel, within 30 days of the entry of this Order, the names and addresses of direct sellers of Furs, if known, to them and their

ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED
SETTLEMENT BETWEEN THE SELLER PLAINTIFFS AND
DEFENDANTS  - 2
Case No. C06-0089 RSM

**HB HAGENS BERMAN**

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

subsidiaries and affiliates (and all predecessors thereof) during the period from and including June 1, 2000 to and including June 1, 2004.  Defendants will ask ALC to provide this information.  To the extent possible the seller information should be provided in electronic and machine readable formats.  Class Counsel shall treat the Fur seller information as confidential, and shall not disclose it to anyone outside of Class Counsel's law firms, except to the Court *in camera* or under seal or to vendors selected to assist in the preparation and dissemination of the Notice.

7.     Class Counsel are hereby directed to cause the Notice, in the form attached to the Settlement Agreement as Exhibit "B," to be:  (a) mailed by first class mail, postage prepaid, within 30 days of receipt of the last of the seller information from Defendants (the "Notice Date"), to all members of the Settlement Class identified by Defendants; and (b) provided to all persons who request it.  Class Counsel shall also post a copy of the Notice on the Internet at a readily accessible web address.  Class Counsel shall identify the web address in all Notices that Class Counsel caused to be mailed, provided, or distributed pursuant to this paragraph.

8.     Class Counsel are hereby directed to cause the Summary Notice, in the form attached to the Settlement Agreement as Exhibit "C," to be published within 10 days of the Notice Date on one occasion in the National Edition of *The Wall Street Journal*.

9.     The Court will hold a hearing (the "Hearing") on February 9, 2011 at 10:00 a.m. at the United States Courthouse, 700 Stewart Street, Lobby Level, Courtroom 13206, Seattle, Washington, 98101-1271 to determine the fairness, reasonableness and adequacy of the proposed settlement with the Defendants and whether the settlement should be finally approved and a final judgment entered thereon.  Any Settlement Class member who follows the procedure set forth in the Notice may appear and be heard at this Hearing.  The Hearing may be continued without further notice to the Settlement Class.

10.     Class Counsel shall file with the Court their motion for final approval of the Settlement Agreement no later than thirty (30) days prior to the Hearing date.



11.     All requests for exclusion from the Settlement Class shall be postmarked no later than 20 days prior to the Hearing date, and shall otherwise comply with the requirements set forth in the Notices.

12.     Any member of the Settlement Class who wishes to object to the terms of the Settlement Agreement or to Class Counsel's motion for expenses must do so in writing, filed with the Clerk and served on Class Counsel and counsel for Defendants no later than 20 days prior to the Hearing date, and shall otherwise comply with the requirements set forth in the Notices.

13.     Ten (10) days before the date fixed by this Court for the Hearing, Class Counsel shall cause to be filed with the Clerk of this Court an affidavit or declaration of the person under whose general direction the mailing of the Notice and the publication of the Summary Notice were made, showing that mailing and publication were made in accordance with this Order.

14.     The Court finds that the account set forth in the Settlement Agreement is a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.  Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payments of the costs of notice, payments related to taxes, and settlement administration costs.

15.     The litigation against the Defendants is stayed except to the extent necessary to effectuate the Settlement Agreement.

SO ORDERED this 5th day of November 2010.


_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED
SETTLEMENT BETWEEN THE SELLER PLAINTIFFS AND
DEFENDANTS  - 4
Case No. C06-0089 RSM



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594