HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WANECHEK MINK RANCH, and SMITH MINK RANCH CORPORATION, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALASKA BROKERAGE INTERNATIONAL, *et al*.,<br><br>Defendants. | No. C06-0089 RSM<br><br>RULE 54(b) FINAL JUDGMENT ORDER RE: CLASS ACTION SETTLEMENT |

The Court, having considered Plaintiffs' Motion for Final Approval of Class Action Settlement with Defendants Delta Trading Corporation; Dean Brenner; Klondike International Furs, Limited; Leonard Tax; Irving Tax; Allen Tax; Richard Tax; Mechutan Fur Corporation; David Mechutan; Steven Mechutan; Jay Mechutan; Alvin Glickman, Inc.; Alvin Glickman; Hurwitz Exports, Ltd.; Steven Hurwitz; Polar Furs, Ltd.; ("Defendants") and having held a duly-noticed final approval hearing on February 14, 2011.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court has jurisdiction over the subject matter of this litigation.

2. Terms used in this Final Judgment Order that are defined in the Settlement Agreement between the Plaintiffs and the Settlement Class on the one hand and Defendants on

RULE 54(b) FINAL JUDGMENT ORDER RE: CLASS ACTION SETTLEMENT - 1
Case No. C06-0089 RSM

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001901-11 404931 V1

1  the other hand dated August 2, 2010, unless otherwise defined herein, have the same meanings in

2  this Final Judgment Order as in the Settlement Agreement.

3        3.      The Court finds that the settlement was attained following an extensive

4  investigation of the facts.  It resulted from vigorous arm's-length negotiations, which were

5  undertaken in good faith by counsel with significant experience litigating antitrust class actions.

6        4.      The Court finds that due and adequate notice was provided pursuant to Rule 23 of

7  the Federal Rules of Civil Procedure to all members of the Settlement Class certified herein,

8  notifying the Settlement Class of, *inter alia*, the pendency of the above-captioned action and the

9  proposed settlement with Defendants.  The notice provided was the best notice practicable under

10  the circumstances and included individual notice by first class mail to all members of the

11  Settlement Class who could be identified through reasonable effort as well as notice published in

12  the national edition of *The Wall Street Journal* and on the Internet.  Notice fully complied in all

13  respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due

14  process.

15        5.      The Court finds that notice of the settlement was properly provided to all persons

16  entitled to receive such notice, including federal and state attorneys general, in full compliance

17  with the Class Action Fairness Act.

18        6.      The Court certifies the following Settlement Class (the "Settlement Class"):

19        All sellers of Furs who sold Furs at the American Legend Auction
   in Seattle, Washington, and whose Furs were purchased by any of
20        the Defendants or their subsidiaries or affiliates (including all
   predecessors thereof) at any time during the period from June 1,
21        2000 to June 1, 2004.  Excluded from the Settlement Class are
   governmental entities and the Defendants, or their subsidiaries or
22        affiliates (including all predecessors thereof).

23        7.      The Court finds that certification of the Settlement Class is appropriate because:

24        a.      The Settlement Class is so numerous that joinder of all members is

25              impracticable, satisfying the requirement of Rule 23(a)(1);

26

RULE 54(b) FINAL JUDGMENT ORDER RE: CLASS ACTION
SETTLEMENT - 2
Case No. C06-0089 RSM



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

001901-11  404931 V1

      b.    There are questions of law or fact common to the Settlement Class, satisfying the requirement of Rule 23(a)(2);

      c.    Wanechek Mink Ranch and Smith Mink Ranch Corporation ("Plaintiffs") are appointed class representatives for the Settlement Class. Plaintiffs' claims are typical of the claims of the Settlement Class, satisfying the requirement of Rule 23(a)(3);

      d.    The Plaintiffs will fairly and adequately protect the interests of the Settlement Class, satisfying the requirements of Rule 23(a)(4); and

      e.    For purposes of settlement only, questions of law or fact common to the members of the Settlement Class predominate over questions affecting only individual members and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3).

8. The Court finds that the persons and entities identified on the schedule attached hereto as Exhibit "A," and no others, have timely requested to be excluded from the Settlement Class and accordingly are not included in or bound by the Final Judgment being entered pursuant to this Order.

9. The Court finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class.

10. All Released Claims of Plaintiffs and the Settlement Class that were asserted against Defendants in the Amended and Consolidated Class Action Complaint are dismissed with prejudice, and, except as provided for in the Settlement Agreement, without costs.

11. Upon the occurrence of the Effective Date of the settlement, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, and causes of action, damages, liabilities of any nature, including costs, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that Releasors, or

RULE 54(b) FINAL JUDGMENT ORDER RE: CLASS ACTION SETTLEMENT - 3
Case No. C06-0089 RSM

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001901-11 404931 V1

1 any one of them, ever had, now has, or hereafter can, shall, or may have directly,

2 representatively, derivatively or in any other capacity against the Releasees or any of them,

3 whether known or unknown, suspected or unsuspected, in law or equity, on account of or arising

4 out of or resulting from the sale of Furs in the United States during the Class Period or from

5 conduct that occurred prior to the Effective Date of this Agreement concerning the sale of Furs in

6 the United States, based in whole or in part of the facts, occurrences, transactions, or other

7 matters alleged in the Amended and Consolidated Class Action Complaint filed in the Action

8 (including any allegations of collusion among Defendants and/or any other purchasers of Furs in

9 the United States relating to the purchase of Furs in the United States), and which arise under any

10 federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary

11 pricing, trade practice, or civil conspiracy law, including, without limitation, the Sherman

12 Antitrust Act, 15 U.S.C. §1 *et seq.* (the "Released Claims").

13        12.     Each member of the Settlement Class shall not, after the Effective Date of the

14 Settlement Agreement, seek to institute, maintain, prosecute or continue to maintain or prosecute

15 any suit or action, or collect from or proceed against the Releasees, based on the Released

16 Claims.

17        13.     Defendants shall have no obligation for attorneys' fees, costs or expenses,

18 including, but not limited to, expenses of administering and distributing the Settlement Fund,

19 which expenses are to be paid out of the Settlement Fund subject to further order of this Court.

20        14.     This Order and the Final Judgment do not settle or compromise any claims by

21 Plaintiffs or the Settlement Class against any other Defendant or person or entity other than the

22 Releasees, and all rights against any other Defendant or other person or entity are specifically

23 reserved.

24        15.     Nothing in this Final Judgment Order or the Settlement Agreement and no aspect

25 of the settlement or negotiation thereof is or shall be deemed or construed to be an admission or

26 concession of any violation of any statute or law or of any liability or wrongdoing by Defendants

RULE 54(b) FINAL JUDGMENT ORDER RE: CLASS ACTION
SETTLEMENT  - 4
Case No. C06-0089 RSM

HB HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001901-11  404931 V1

or of the truth of any of the claims or allegations in any of the complaints in the Action or any other pleading, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, other than to enforce the terms of this Final Judgment Order or the Settlement Agreement.

16. The Court further finds that the escrow account described in the Settlement Agreement is a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

17. Without affecting the finality of the Final Judgment in any way, this Court hereby retains continuing jurisdiction for the purposes of, *inter alia*, implementing and enforcing the Settlement Agreement (including any issue that may arise in connection with the formation and/or administration of the QSF), and entering orders regarding the disbursement of the Settlement Fund.

18. The Court expressly finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and expressly directs the entry of Final Judgment as to Defendants.

SO ORDERED.

DATED: February 22, 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

RULE 54(b) FINAL JUDGMENT ORDER RE: CLASS ACTION SETTLEMENT - 5
Case No. C06-0089 RSM

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

001901-11 404931 V1